UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLLINGSWORTH, III,

        Plaintiff,                           Hon. Jane M. Beckering

v.                                     Case No. 1:25-cv-01932

MICHIGAN STATE UNIVERSITY, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on December 30, 2025.  (ECF No. 1).  The Court permitted Plaintiff to proceed as a pauper (ECF No. 5) and reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

The present lawsuit is for all practical purposes a continuation of two previous actions Plaintiff unsuccessfully pursued in this Court, arising from the same claims and factual allegations.  *See Hollingsworth v Michigan State University*, 1:24-cv-00410 (W.D. Mich.); *see also Hollingsworth v Michigan State University*, 1:24-cv-01259 (W.D. Mich.).

In each action, Plaintiff alleges that Defendant subjected him to unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, and various other state and federal provisions.  The Court dismissed Plaintiff's first action for failure to state a claim.  *See Hollingsworth v Michigan State University*, 1:24-cv-00410, ECF No. 10, 12 (W.D. Mich.).  The Court dismissed with prejudice Plaintiff's second action for failure to state a claim or, alternatively, on res judicata grounds.  *See Hollingsworth v Michigan State University*, 1:24-cv-01259, ECF No. 8, 9, 10 (W.D. Mich.).  Plaintiff now returns, asserting the same claims based on the same incidents.   (ECF No. 1, PageID.3).

## ANALYSIS

Claim preclusion, often referred to as res judicata, "prevents parties from relitigating the same claim or cause of action if the latter suit arises from the same transaction or involves a common nucleus of operative facts."  *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021).  The Court recognizes that res judicata is "usually an affirmative defense that a defendant must raise"; however, "federal courts may dismiss an action sua sponte on res judicata grounds under 'special circumstances,' " such as when "a court is on notice that it has previously decided the issue presented" or for "the avoidance of unnecessary judicial waste."  *Bush v. Lumileds, LLC*, 2022 WL 3337143 at \*2 (E.D. Mich., June 15, 2022) (citations omitted).

Claim preclusion bars a claim where four elements are satisfied: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action

between the same parties or their privies; (3) an issue in the subsequent action that was litigated or that should have been litigated in the prior action; and (4) an identity of the causes of action, satisfied where "the claims arose out of the same transaction or series of transactions" or "the claims arose out of the same core of operative facts." *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008).   *See, e.g., Trustees of Operating Engineers Local 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380-83 (6th Cir. 2019).   All four factors are satisfied presently.   This Court entered final decisions on Plaintiff's prior actions.   The present action is asserted against the same defendant and seeks to assert claims that Plaintiff raised in his previous actions.   Finally, the claims asserted in the present action arise out of the same core of operative facts.

Where a claim is barred by res judicata, "the weight of authority supports dismissal for failure to state a claim."   *Turner v. DeJoy*, 2022 WL 1817752 at *4 (W.D. Tenn., Mar. 15, 2022) (citations omitted); *see also*, *Marshall v. Snider-Blake Personnel*, 2022 WL 16780688 at *5 (S.D. Ohio, Nov. 8, 2022) (citations omitted).   Furthermore, "res judicata is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2)."   *Marshall*, 2022 WL 16780688 at *5 (citations omitted); *Turner*, 2022 WL 1817752 at *4 (same). Accordingly, for the reasons articulated herein, the undersigned recommends that the present action be dismissed.

Additionally, the Court reminds Plaintiff that "[p]roceeding IFP is a privilege, and not a right."  *Bey v. Wilmington Sav. Fund Soc'y, FSB*, No. 1:25-cv-1299, 2025 WL 2462451, at *1 (N.D. Ohio Aug. 27, 2025) (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)).   And "[i]t is well-settled that a plaintiff's pro se status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."   *Thanedar v. Time Warner, Inc.*, 352 F.App'x. 891, 900 (5th Cir. 2009).   A court may deny IFP status or revoke it in a pending action when a litigant has engaged in frivolous, harassing, and abusive litigation.   See *In re McDonald*, 489 U.S. 180, 184-85, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 309 (D.C. Cir. 2008); *Tingler v. Maike*, No. 3:23-cv-788, 2023 WL 4564383, at *3 (N.D. Ohio July 17, 2023).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed on res judicata grounds.   For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

-4-

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order.    *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: February 9, 2026                    /s/ Phillip J. Green
                                                        PHILLIP J. GREEN
                                                        United States Magistrate Judge